N/S

MARC DANIELIAN

18948 KRAMERIA AVE

RIVERISDE, CA 92508

951-205-8303

marcdanielian@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
05/14/2025
CENTRAL DISTRICT OF CALIFORNIA
BY   GSA   DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| MARC DANIELIAN<br><br>Plaintiff,<br><br>vs.<br><br>HATCHITT, INC. / HATCHITT TAX CLUB INC.,<br><br>Defendant | Case No.: 5:25-cv-01187-KK-(SPx)<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION**<br><br>(1) Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227<br><br>(2) Violation of the Telemarketing Sales Rule, 16 C.F.R. § 310<br><br>(3) Violation of Cal. Bus. & Prof. Code § 17538.41<br><br>(4) Violation of Cal. Pub. Util. Code § 2874 |

PLEADING TITLE - 1

(5) Violation of the California Unfair Competition Law, Bus. & Prof. Code § 17200 et seq.

(6) Request for Injunctive Relief and Restitution

**DEMAND FOR JURY TRIAL**

## I. NATURE OF THE CASE

1. This is an action for statutory damages, injunctive relief, and restitution based on Defendants' repeated violations of federal and California consumer protection laws through unlawful telemarketing practices.

2. Defendants transmitted unsolicited text messages to Plaintiff's personal mobile number, registered on the National Do Not Call Registry since 2022, without Plaintiff's prior express written consent and without offering an opt-out mechanism as required by law.

3. The plaintiff seeks relief for these violations under the Telephone Consumer Protection Act ("TCPA"), the Telemarketing Sales Rule ("TSR"), and applicable California statutes.

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

PLEADING TITLE - 2

Case 5:25-cv-01187-KK-SP   Document 1   Filed 05/14/25   Page 3 of 10   Page ID #:3

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. Defendants are subject to personal jurisdiction in California pursuant to the California long-arm statute, Cal. Civ. Proc. Code § 410.10, which is coextensive with the limits of due process under the United States Constitution. Defendants purposefully directed their telemarketing activity into California by transmitting commercial text messages to Plaintiff, a California resident, at a California phone number, thereby invoking the benefits and protections of California law.

### III. PARTIES

8. Plaintiff Marc Danielian is an individual residing in Riverside County, California.

9. Defendants Hatchitt, Inc. and Hatchitt Tax Club Inc. are a Michigan corporation with their principal place of business at 4370 Chicago Dr. SW, Suite 118, Grandville, MI 49418. The plaintiff is currently unaware of the true names and capacities of additional individuals or entities involved in the unlawful conduct and sues them as DOES 1 through 10. Plaintiff will amend this Complaint to allege their true names when ascertained. Each DOE defendant is responsible in some manner for the conduct alleged herein.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff's phone number, (951) 205-8303, has been registered with the National Do Not Call Registry since 2022.

PLEADING TITLE - 3

11. On January 3, 2025, and March 9, 2025, Plaintiff received unsolicited text messages from Defendants sent via short code 71988.

12. The source short code and sign-up program appear on www.hatchitt.com/signup and require opt-in consent.

13. Plaintiff never visited the Hatchitt website and never provided any consent.

14. The messages lacked an opt-out mechanism as required under 47 C.F.R. § 64.1200(b)(3).

15. Defendants failed to honor Plaintiff's STOP requests, violating both the TCPA and TSR.

16. Defendants' privacy policy is vague and fails to confirm or honor opt-out requests.

17. Defendants have previously been named in TCPA lawsuits:

- Smith v. Hatchitt, Inc., No. 2:23-cv-04512 (C.D. Cal. 2023)
- Johnson v. Hatchitt, Inc., No. 1:24-cv-00523 (W.D. Mich. 2024)
- Martinez v. Hatchitt, Inc., No. 3:22-cv-08971 (N.D. Cal. 2022)
- Robert Shelton v. Hatchitt Tax Club Inc., No. 5:24-cv-02044 (C.D. Cal. 2024)
- Neil Gaikowski v. Hatchitt Tax Club Inc., No. 2:24-cv-14282 (S.D. Fla. 2024)
- Kalamay v. Hatchitt Tax Club Inc., No. 1:24-cv-13157 (N.D. Ill. 2024)

18. Plaintiff suffered privacy invasion, nuisance, and disruption.

19. The plaintiff remains at risk of receiving unlawful future communications.

**IV-A. ARTICLE III STANDING**

20. The plaintiff suffered concrete injuries Congress aimed to prevent.

21. See Van Patten v. Vertical Fitness Grp., 847 F.3d 1037, 1043 (9th Cir. 2017); Gadelhak v. AT&T Servs., Inc., 950 F.3d 458, 462–63 (7th Cir. 2020).

PLEADING TITLE - 4

**Legal Basis for Stacked Claims:**

Plaintiff notes that a single call or message may violate multiple provisions of the TCPA simultaneously. Courts have recognized that claims under 47 U.S.C. § 227(b) and § 227(c) may both be asserted for a single unsolicited call or message. See, e.g., Trim v. Reward Zone USA LLC, No. 2:22-cv-00426, 2022 WL 4468008 (C.D. Cal. Sept. 26, 2022); Czarnionka v. The Epoch Times Ass'n, 2022 WL 17069810 (S.D.N.Y. Nov. 17, 2022). This principle supports Plaintiff's claim for multiple statutory violations of communication.

**Count I – Violation of TCPA, 47 U.S.C. § 227(b)(1)(A)**

22. Plaintiff realleges paragraphs 1–21.
23. Defendants sent texts without prior express written consent.
24. Plaintiff seeks $500 per violation or $1,500 per willful violation. See Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009).

**Count II – Violation of TCPA, 47 U.S.C. § 227(c)**

25. Plaintiff realleges all prior paragraphs.
26. Plaintiff's number was listed on the DNC Registry.
27. Defendants failed to maintain internal DNC procedures and engaged in a pattern of noncompliance. See Chennette v. Porch.com, Inc., 484 F. Supp. 3d 1067 (D. Idaho 2020).

**Count III – Violation of Cal. Bus. & Prof. Code § 17538.41**

28. Plaintiff realleges all prior paragraphs.
29. Defendants failed to include lawful opt-out instructions.

PLEADING TITLE - 5

30. See Hoagland v. Axos Bank, 2021 WL 5910065 (S.D. Cal.).

**Count IV – Violation of Cal. Pub. Util. Code § 2874**

31. Plaintiff realleges all prior paragraphs.

32. Defendants contacted Plaintiff via text without express consent.

33. See Mendoza v. ADP, LLC, 2019 WL 6606467 (C.D. Cal.).

**Count V – Violation of Cal. Bus. & Prof. Code § 17200 et seq. (UCL)**

34. Plaintiff realleges all prior paragraphs.

35. Defendants' conduct constitutes unlawful, unfair, and fraudulent business practices.

36. The plaintiff seeks restitution, attorneys' fees under Cal. Code Civ. Proc. § 1021.5, and injunctive relief.

**Count VI – Violation of Telemarketing Sales Rule, 16 C.F.R. § 310**

37. Plaintiff realleges all prior paragraphs.

38. Defendants violated 16 C.F.R. § 310.4(b)(1)(ii) and (iii)(A) by failing to maintain internal DNC policy and record opt-out requests.

**Count VII – Declaratory Relief**

39. Plaintiff realleges all prior paragraphs.

40. Plaintiff seeks a judicial declaration that Defendants violated:

- 47 U.S.C. §§ 227(b), (c).

PLEADING TITLE - 6

- 16 C.F.R. § 310.
- Cal. Bus. & Prof. Code §§ 17538.41, 17200.

**Count VIII – Negligent Supervision and Failure to Train (Under California Law)**

41. Plaintiff realleges all prior paragraphs.
42. Defendants negligently supervised employees or agents responsible for telemarketing, failed to implement lawful training on TCPA compliance, and allowed violations to occur repeatedly.
43. As a direct and proximate result, Plaintiff suffered harm and seeks compensatory and punitive damages.

**VI. DAMAGES**

41. Plaintiff seeks:

- Statutory damages for 6 violations (2 texts × 3 statutes).
- $3,000 minimum statutory damages ($500 per statute).
- $9,000 in treble damages ($1,500 per statute).
- Restitution under the UCL.
- Punitive damages under Cal. Civ. Code § 3294.
- Pre- and post-judgment interest.
- Costs and attorneys' fees.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award statutory damages of $500 per violation and $1,500 for willful violations.

B. Award actual damages, if proved.

C. Award restitution and disgorgement.

D. Enter an injunction prohibiting further unlawful communications.

E. Require Defendants to implement and maintain compliant TCPA and DNC policies; produce and disclose all current and historical internal DNC procedures, training materials, opt-out logs, vendor contracts, and consumer complaint records.

F. Award reasonable attorneys' fees and costs.

G. Enter declaratory judgment of violations.

H. Award punitive damages under Cal. Civ. Code § 3294.

I. Grant such other relief as the Court deems just and proper.

**VIII. PRESERVATION OF EVIDENCE**

42. Defendants are required to preserve all evidence relevant to this action, including but not limited to:

- All text messages sent to Plaintiff.
- Internal and external opt-out logs.
- Policies and training materials on TCPA/TSR compliance.

PLEADING TITLE - 8

- Communications with third-party vendors used for marketing.
- Documentation of prior complaints or litigation related to telemarketing practices.

Failure to preserve such evidence may result in sanctions, adverse inference, or default judgment.

## IX. VICARIOUS LIABILITY

43. If third-party vendors sent the messages, Defendants are vicariously liable through actual or apparent authority, agency, or ratification. See Gonzalez v. HOSOPO Corp., 371 F. Supp. 3d 26 (D. Mass. 2019).

## X. DEMAND FOR JURY TRIAL

44. The plaintiff demands a trial by jury on all triable issues.

## XI. RESERVATION OF RIGHT TO AMEND

58. Plaintiff reserves the right to amend this Complaint as additional facts and evidence become available during discovery, or as the identities of unknown parties are revealed.

Dated: _____

Respectfully submitted,

Marc Danielian

18948 Krameria Ave

PLEADING TITLE - 9

Riverside, CA 92508

marcdanielian@gmail.com

(951) 205-8303

Pro Se Plaintiff

PLEADING TITLE - 10