Marc Danielian,

Plaintiff,

v.

Hatchitt Tax Club, Inc.,

Defendant.



FILED

CLERK, U.S. DISTRICT COURT

08/21/2025

CENTRAL DISTRICT OF CALIFORNIA

BY _____ AP _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. 5:25-cv-01187-KK-SP

RENEWED MOTION FOR DEFAULT JUDGMENT

[Filed Pursuant to Fed. R. Civ. P. 55(b)]

Hon. Kenly Kiya Kato

United States District Judge

1

NOTICE OF MOTION

TO THE HONORABLE COURT AND DEFENDANT:

PLEASE TAKE NOTICE that Plaintiff, Marc Danielian, appearing pro se, hereby
renews his Motion for Default Judgment pursuant to Federal Rule of Civil
Procedure 55(b) against Defendant Hatchitt Tax Club, Inc.

Plaintiff respectfully requests that the Court grant default judgment in his favor and
against Defendant, award statutory and trebled damages under 47 U.S.C. § 227(b)
and § 227(c), and grant injunctive relief, as set forth in the accompanying
Memorandum of Points and Authorities, Declaration of Plaintiff, and attached
Exhibits.

Pursuant to Local Rule 7-15, Plaintiff requests that this motion be decided without
oral argument unless the Court orders otherwise.

Dated: August 21, 2025

2

Respectfully submitted,


/s/ Marc Danielian

Marc Danielian

Plaintiff, Pro Se

18948 Krameria Ave

Riverside, CA 92508

Phone: 951-205-8303

Email: marcdanielian@gmail.com

Memorandum of Points and Authorities

## I. INTRODUCTION

This motion arises from two unlawful SMS marketing messages transmitted by Defendant to Plaintiff's cell phone in violation of the TCPA and related federal regulations. Each text message was sent without prior express consent, to a number registered on the National Do Not Call Registry and lacked a legally required opt-out mechanism. The plaintiff seeks treble damages for all six violations

## II. PROCEDURAL HISTORY

Complaint filed: May 14, 2025 (Dkt. 1)

Service of Summons: June 11, 2025 (Dkt. 14)

Clerk's Default entered: July 7, 2025 (Dkt. 29)

Defendant has never responded.

## III. LEGAL STANDARD

Rule 55(b)(2) authorizes the Court to enter default judgment. The factors from Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986) favor default here: Plaintiff is prejudiced by continued delay; the claims have legal merit; the complaint is sufficient; the amount at stake is statutory; no dispute exists; there is no evidence of excusable neglect; and while policy favors resolution on the merits, default is warranted.

## IV. VIOLATIONS AND DAMAGES

A. TCPA § 227(b) – Unauthorized Text Messages

2 text messages × $1,500 = $3,000

B. TCPA § 227(c) – DNC Registry Violations

2 text messages × $1,500 = $3,000

C. 47 C.F.R. § 64.1200(b)(2) – No Opt-Out Mechanism

2 violations × $1,500 = $3,000

TOTAL DAMAGES REQUESTED: $9,000.00

V. "**Summary of the Eitel Factors**".

All seven *Eitel* factors weigh strongly in favor of default judgment. Plaintiff has no

alternative means of redress, the claims are well-supported by fact and law, and

Defendant has failed to appear or defend despite proper service. Default judgment

is therefore appropriate.


VI. ARGUMENT

A. Default Judgment is Appropriate Under the *Eitel* Factors

In determining whether to grant default judgment, courts in the Ninth Circuit apply

the seven *Eitel* factors: (1) the possibility of prejudice to the plaintiff, (2) the merits

of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of

money at stake in the action, (5) the possibility of a dispute concerning material

facts, (6) whether default was due to excusable neglect, and (7) the strong policy

favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th

Cir. 1986). Each factor supports entry of default judgment in this case.

1. **Prejudice to Plaintiff**

   Without entry of default judgment, Plaintiff will be left without a remedy for Defendant's unlawful conduct. Because Defendant has failed to respond, Plaintiff cannot proceed to trial or otherwise obtain relief. Thus, denial of default judgment would prejudice Plaintiff by leaving the harm unremedied.

2. **Merits of Plaintiff's Claims**

   Plaintiff has adequately pled and supported claims under the Telephone Consumer Protection Act and related statutes. Courts have consistently recognized such violations—unsolicited calls, failure to honor do-not-call requests, and lack of internal DNC policies—as actionable. Given Defendant's failure to appear, Plaintiff's claims are meritorious.

3. **Sufficiency of the Complaint**

   Plaintiff's complaint is well-pled and satisfies the pleading standards under Federal Rule of Civil Procedure 8. The complaint sets forth the dates and nature of the unlawful calls, the statutory provisions violated, and the damages sought. Accordingly, this factor strongly favors default judgment.

4. **Sum of Money at Stake**

   The damages sought are directly proportional to the violations alleged and are authorized by statute—$500 per call, trebled to $1,500 for willful violations under 47 U.S.C. § 227(b)(3), and statutory damages under §

227(c). These amounts are not excessive given the number of calls and the

willful nature of Defendant's conduct. Courts in the Ninth Circuit routinely

award such sums in TCPA default cases.

5. **Possibility of Dispute Concerning Material Facts**

   Because Defendant has not appeared or contested the allegations, there is no

   indication of any genuine dispute as to the material facts alleged in the

   complaint. The well-pled allegations must be taken as true for purposes of

   default judgment, further reducing the likelihood of factual dispute.

6. **Excusable Neglect**

   Defendant was properly served with the summons and complaint and failed

   to respond within the required time. There is no evidence that its failure to

   appear is due to excusable neglect. Instead, it reflects a conscious decision

   not to defend this action.

7. **Policy Favoring Decisions on the Merits**

   While there is a strong federal policy favoring decisions on the merits, this

   factor alone is not dispositive. Defendant's refusal to participate decides on

   the merits impossible. Thus, this factor is outweighed by the others, all of

   which favor default judgment.


**Summary of the Eitel Factors**

All seven *Eitel* factors weigh strongly in favor of default judgment. Plaintiff has no

alternative means of redress, the claims are well-supported by fact and law, and Defendant has failed to appear or defend despite proper service. Default judgment is therefore appropriate.

## B. Defendant Violated the TCPA and Related Laws

Defendant Hatchitt Tax Club, Inc., transmitted **two unsolicited telemarketing text messages** to Plaintiff's cellular telephone using SMS short code **71988**. Plaintiff never consented to receive such texts. Both messages failed to include the legally required opt-out instructions, and Defendant failed to scrub Plaintiff's number against its internal Do-Not-Call ("DNC") list prior to transmission. Plaintiff was forced to manually reply "STOP" to terminate further contact.

## January 31, 2025 – First Unsolicited Text Message

- **Source:** SMS short code **71988**.

- **Message:** Marketing text advertising Defendant's tax services.

- **Lack of Consent:** Plaintiff never provided prior express written consent to receive telemarketing texts.

- **Missing Opt-Out:** The text failed to include the required opt-out language (e.g., "Reply STOP to opt out").

- **Violation:**

    - 47 U.S.C. § 227(b)(1)(A)(iii).

    - 47 C.F.R. § 64.1200(b)(1).

## March 9, 2025 – 2:44 PM (Second Unsolicited Text Message)

- **Source:** SMS short code **71988**.

- **Message:** Another marketing text from Defendant promoting tax services.

- **Lack of Consent:** Plaintiff had still not provided any prior express written consent.

- **Missing Opt-Out:** This second message also failed to include the required opt-out instructions.

- **Plaintiff's Response:** Plaintiff replied "STOP" in order to terminate further contact.

- **Violation:**

    - 47 U.S.C. § 227(b)(1)(A)(iii).

    - 47 U.S.C. § 227(c)(5).

    - 47 C.F.R. § 64.1200(b)(1).

**Failure to Scrub Against the Do-Not-Call List**

- Defendant failed to maintain and implement lawful internal DNC

  procedures.

- Defendant did not scrub Plaintiff's number against its DNC list before

  sending either text.

- Violations: 47 C.F.R. § 64.1200(d)(1)–(3).

**Summary of Violations by Defendant:**

1. Two unsolicited telemarketing text messages sent without prior express

   written consent.

2. Both messages lacked the legally required opt-out instructions.

3. Plaintiff was forced to manually send "STOP" to end communications.

4. Defendant failed to maintain and scrub an internal DNC list prior to sending

   texts.

C. Damages

| Statutory Provision | Violations | Base Damages ($500 each) | Trebled Damages ($1,500 each) |
| --- | --- | --- | --- |
| **47 U.S.C. § 227(b)(1)(A)(iii)** – No prior express written consent | 2 | $1,000 | $3,000 |
| **47 C.F.R. § 64.1200(b)(1)** – Failure to include required opt-out mechanism | 2 | $1,000 | $3,000 |
| **47 U.S.C. § 227(c)(5)** & **47 C.F.R. § 64.1200(d)** – Failure to scrub against internal DNC list | 2 | $1,000 | $3,000 |
| **Total** | 6 | **$3,000** | **$9,000** |

**Argument for Trebled Damages**

Defendant's conduct was willful and knowing. Hatchitt Tax Club, Inc. is a sophisticated telemarketing operation that intentionally transmitted unsolicited text messages without consent, failed to include the federally mandated opt-out mechanism, and failed to scrub its call lists against the Do-Not-Call registry. These omissions are not clerical mistakes but fundamental compliance requirements that every telemarketer is expected to know. Courts have consistently held that such deliberate noncompliance justifies trebling under **47 U.S.C. § 227(b)(3)** and **§ 227(c)(5)**. Accordingly, Plaintiff respectfully requests the Court award trebled damages of **$9,000**.

D. Injunctive Relief

In addition to monetary damages, the TCPA expressly authorizes courts to issue an injunction prohibiting future violations. See 47 U.S.C. § 227(b)(3)(A); § 227(c)(5). Defendant Hatchitt Tax Club, Inc. has demonstrated a pattern of disregard for federal telemarketing regulations by sending unsolicited text messages without consent, failing to provide a lawful opt-out mechanism, and failing to scrub numbers against its internal Do-Not-Call list.

Accordingly, Plaintiff respectfully requests that the Court issue an order:

1. **Prohibiting Defendant Hatchitt Tax Club, Inc. from initiating any further calls or text messages to Plaintiff's cellular telephone in violation of the TCPA;** and

2. **Directing Defendant to comply with all provisions of the TCPA and FCC regulations, including the maintenance of a written Do-Not-Call policy, provision of lawful opt-out mechanisms, and scrubbing of numbers against the National and internal Do-Not-Call registries.**

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his
Motion for Default Judgment against Defendant Hatchitt Tax Club, Inc.

Additionally, Plaintiff notes that Defendant Hatchitt Tax Club, Inc. is not
registered with the California Secretary of State as required by California
Corporations Code § 2105. Under § 2203(c), a foreign corporation transacting
intrastate business in California without such registration is prohibited from
maintaining or defending any action in California courts. Exhibit F confirms
Defendant's lack of registration, providing further support for entry of default
judgment, as Defendant cannot lawfully defend itself in this Court.

Accordingly, Plaintiff respectfully requests that the Court enter an order:

1. Entering default judgment in favor of Plaintiff and against Defendant
   Hatchitt Tax Club, Inc.;

2. Awarding statutory damages of $500 per violation, trebled to $1,500 per
   violation for willful and knowing conduct, for a total award of $9,000
   pursuant to 47 U.S.C. §§ 227(b)(3) and 227(c)(5);

3. Issuing a permanent injunction prohibiting Defendant from committing
   further violations of the Telephone Consumer Protection Act, including but

not limited to:

a) Transmitting text messages or calls to Plaintiff's cellular telephone without prior express written consent;

b) Failing to include lawful opt-out mechanisms in all marketing messages; and

c) Failing to maintain and scrub call lists against the National and internal Do-Not-Call registries;

4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Marc Danielian

Marc Danielian

Plaintiff, Pro Se

Declaration of Plaintiff

I, Marc Danielian, declare as follows:

1. I am the Plaintiff in this action. I make this declaration based on my own personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2. On January 31, 2025, I received an unsolicited telemarketing text message on my personal cellular telephone from SMS short code 71988, advertising the services of Defendant Hatchitt Tax Club, Inc.

3. On March 9, 2025, at 2:44 PM, I received a second unsolicited telemarketing text message from the same SMS short code 71988, again advertising the services of Defendant Hatchitt Tax Club, Inc.

4. I never provided prior express written consent to receive telemarketing text messages from Defendant Hatchitt Tax Club, Inc.

5. Neither of the text messages contained the legally required opt-out mechanism (e.g., "Reply STOP to opt out").

6. After receiving the second message on March 9, 2025, I manually replied with the word "STOP" to opt out of further communications.

7. These messages were sent to my personal cellular telephone, which is a number assigned to a cellular service, and for which I incur charges.

8.  True and correct copies of the unsolicited text messages, my manual opt-out, my National Do-Not-Call Registry listing, Defendant's Terms of Service regarding short code 71988, and California Secretary of State business records confirming Defendant is not registered in California are attached hereto as **Exhibits A through F**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of August 2025, at Riverside, California.

/s/ Marc Danielian

Marc Danielian

Plaintiff, Pro Se

# Exhibit Index

- **Exhibit A** – January 31, 2025, Unsolicited Text Message

- **Exhibit B** – March 9, 2025, Unsolicited Text Message

- **Exhibit C** – March 9, 2025, Manual Opt-Out

- **Exhibit D** – Plaintiff's National Do-Not-Call Registry Listing

- **Exhibit E** – Hatchitt Tax Club Inc. Terms of Service re: Short Code 71988

- **Exhibit F** – California Secretary of State Records (No Registration for Defendant)

# Cover Sheet

# Exhibit A

**January 31, 2025**
**Unsolicited Text Message**
from Short Code **71988**

Exhibit A

January 31, 2025, Unsolicited Text Message from Short Code 71988 with no opt

out mechanism



# Cover Sheet

# Exhibit B

**March 9, 2025**
**Unsolicited Text Message**
from Short Code **71988**

Exhibit B

March 9, 2025 Unsolicited Text Message from Short Code 71988 with no opt out
mechanism



# Cover Sheet

# Exhibit C

March 9, 2025, Manuel opt out

Exhibit C March 9, 2025, Manuel opt out



# Cover Sheet

# Exhibit D

(Plaintiff) National DNC LIST Registry

**EXHIBIT D**
**Federal Trade Commission – National Do Not Call Registry Confirmation**

Plaintiff, Marc Danielian, includes the following document as Exhibit D in support of his Motion for Default Judgment. This exhibit confirms Plaintiff's active registration of his personal telephone number on the National Do Not Call Registry maintained by the Federal Trade Commission (FTC), evidencing his intention to opt out of telemarketing communications as protected under 47 U.S.C. § 227(c) and the Telemarketing Sales Rule (16 C.F.R. § 310).

**Document Title:**
*DNC_Registration_Confirmation.pdf*

**Description:**
Confirmation from the FTC that Plaintiff's telephone number is registered on the National Do Not Call Registry, supporting Plaintiff's claim of unlawful telemarketing calls made in violation of federal and state consumer protection laws.



## Cover Sheet

## Exhibit E

Hatchitt Tax Club Inc Terms of Service Re: Text Message short code 71988

## EXHIBIT E

*Hatchitt Mobile Terms – Shortcode 71988 Usage*

Plaintiff respectfully submits the following exhibit in support of the Corrected Motion for Default Judgment and Request for Judicial Notice.

This exhibit contains a printout of Hatchitt's public-facing Mobile Terms, accessible at:

https://hatchitt.com/mobile-terms/

Relevant details confirming use of short code 71988 by the defendant are as follows:

- SHORTCODE: 71988
- PROGRAM NAME: Hatchitt
- FREQUENCY OF ALERTS: Recurring
- USER OPT-IN:

  - Users may opt in to receive mobile alerts by filling out the web form located at https://www.hatchitt.com/signup.
  - By signing up you agree to alerts from Hatchitt regarding any account updates, changes & appointment reminders.
  - Hatchitt claims not to use an autodialer, and states that consent is not required to purchase goods or services.

- USER OPT-OUT:

  - To opt out, users are instructed to text "STOP" to 71988.
  - Additional opt-out keywords include: "QUIT", "END", "CANCEL", "UNSUBSCRIBE", or "STOP ALL".

- HELP:

  - For assistance, users are directed to text "HELP" to 71988 or email info@hatchitt.com.

This evidence establishes that short code 71988 is controlled by Hatchitt, contradicting any claim of third-party messaging or lack of knowledge, and supports Plaintiff's assertion that the unsolicited messages received from 71988 originated from Defendant.



# Cover Sheet

# Exhibit F

California Secretary of State- No Business registration of Hatchitt Tax Club Inc in

California

**EXHIBIT F**

**California Secretary of State Business Entity Search – No Results for "Hatchitt Tax Club Inc."**

**Plaintiff's Judicial Notice Submission**

Plaintiff Marc Danielian respectfully submits this exhibit in support of his Motion for Default Judgment and Supplemental Memorandum of Law. On **July 21, 2025**, Plaintiff conducted a business entity search for "Hatchitt Tax Club Inc" on the official website of the **California Secretary of State** via the Bizfile Online portal:

**Date of Search:** July 21, 2025
**Search Term:** Hatchitt Tax Club Inc
**Search Location:** https://bizfileonline.sos.ca.gov/search/business

**Result:**

**"No results were found for 'Hatchitt Tax Club Inc'"**

This result confirms that Defendant **Hatchitt Tax Club, Inc.** is **not registered** with the California Secretary of State and has **not obtained a Certificate of Qualification** as required under **California Corporations Code § 2105**, despite conducting intrastate business in California through unsolicited text messages directed at a California resident.

Plaintiff respectfully requests the Court take **Judicial Notice** of this fact pursuant to **Federal Rule of Evidence 201**.

A true and correct copy of the Secretary of State search results is attached below.

---

*(Attach the PDF screenshot you uploaded as the supporting document after this page in your filing.)*



7/21/25, 10:42 AM                                 Search | California Secretary of State

indirectly from reliance on the accuracy, reliability, or timeliness of the
information that is provided. All such information is provided "as is." To order
certified copies or certificates of status, (1) locate an entity using the search;
(2)select Request Certificate in the right-hand detail drawer; and (3) complete
your request online.

Hatchitt Tax Club Inc

Advanced ∨



No results were found for "Hatchitt Tax
Club Inc"

Try your search again with different filters or a
different search term.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

**Marc Danielian,** Plaintiff,

v.

**Hatchitt Tax Club, Inc.,** Defendant.

Case No. 5:25-cv-01187-KK-SP

## [PROPOSED] JUDGMENT

The Court, having considered Plaintiff's Motion for Default Judgment, hereby

ORDERS, ADJUDGES, AND DECREES as follows:

1. Judgment is entered in favor of Plaintiff **Marc Danielian** and against

    Defendant **Hatchitt Tax Club, Inc.**

2. Plaintiff is awarded damages in the amount of **$9,000.00**.

3. Defendant is permanently enjoined from committing future violations of the

    TCPA as set forth herein.

4. Plaintiff is entitled to post-judgment interest as provided by law.

5. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: _____, 2025

Hon. Kenly Kiya Kato

United States District Judge

PROOF OF SERVICE BY MAIL

I, Marc Danielian, declare:

I am over the age of 18 and not a party to this action. My address is:

18948 Krameria Ave

Riverside, CA 92508

On August 22, 2025, I served the foregoing document(s):

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,

DECLARATION OF PLAINTIFF,

EXHIBITS A–F,

AND [PROPOSED] JUDGMENT

at the following party by placing a true copy enclosed in a sealed envelope with

postage fully prepaid, addressed as follows:


Hatchitt Tax Club, Inc.

Joseph Delfgauw

4370 Chicago Dr. SW, Suite 118

Grandville, MI 49418

I deposited such envelope with the United States Postal Service on the same day in

the ordinary course of business.


I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.


Executed on August 22, 2025, at Riverside, California.


/s/ Marc Danielian

Marc Danielian

36

Plaintiff, Pro Se