Marc Danielian
18948 Krameria Ave
Riverside, Ca 92508
951-205-8303
marcdanielian@gmail.com

```
FILED
CLERK, U.S. DISTRICT COURT

08/27/2025

CENTRAL DISTRICT OF CALIFORNIA
BY        AP        DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| MARC DANIELIAN, | Case No.: 5:25-cv-01187-KK-SP |
| Plaintiff, | |
| vs. | (CORRECTED) RENEWED MOTION |
| HATCHITT TAX CLUB INC, | FOR DEFAULT JUDGMENT [Filed |
| Defendant | Pursuant to Fed. R. Civ. P. 55(b)] |

**NOTICE OF MOTION**

**TO THE HONORABLE COURT AND DEFENDANT:**

CORRECTED RENEWED MOTION FOR DEFAULT JUDGMENT - 1

PLEASE TAKE NOTICE that Plaintiff, Marc Danielian, appearing pro se, hereby

renews his Motion for Default Judgment pursuant to Federal Rule of Civil

Procedure 55(b) against Defendant Hatchitt Tax Club, Inc.

Plaintiff respectfully requests that the Court grant default judgment in his favor and

against Defendant, award statutory and trebled damages under 47 U.S.C. § 227(b)

and § 227(c), and grant injunctive relief, as set forth in the accompanying

Memorandum of Points and Authorities, Declaration of Plaintiff, and attached

Exhibits.

Pursuant to Local Rule 7-15, Plaintiff requests that this motion be decided without

oral argument unless the Court orders otherwise.

Dated: August 27, 2025

Respectfully submitted,

/s/ Marc Danielian

Marc Danielian

Plaintiff, Pro Se

CORRECTED RENEWED MOTION FOR DEFAULT JUDGMENT - 2

# I. INTRODUCTION

This motion arises from two unlawful SMS marketing messages transmitted by Defendant to Plaintiff's cell phone in violation of the TCPA and related federal regulations. Each text message was sent without prior express consent, to a number registered on the National Do Not Call Registry and lacked a legally required opt-out mechanism. The plaintiff seeks treble damages for all six violations. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (Supreme Court confirming private right of action under the TCPA).

# II. PROCEDURAL HISTORY

Complaint filed: May 14, 2025 (Dkt. 1)

Service of Summons: June 11, 2025 (Dkt. 14)

Clerk's Default entered: July 7, 2025 (Dkt. 29)

Defendant has never responded.

# III. LEGAL STANDARD

Rule 55(b)(2) authorizes the Court to enter default judgment. The factors from Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986) favor default here: Plaintiff is prejudiced by continued delay; the claims have legal merit; the complaint is sufficient; the amount at stake is statutory; no dispute exists; there is no evidence 4

of excusable neglect, and while policy favors resolution on the merits, default is

warranted. Upon entry of default, the factual allegations of the complaint, except

those relating to damages, are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d

557, 560 (9th Cir. 1977). Likewise, courts accept as true the well-pleaded

allegations of the complaint on default judgment. *TeleVideo Sys., Inc. v.

Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). *DIRECTV, Inc. v. Hoa Huynh*,

503 F.3d 847, 854 (9th Cir. 2007)


## IV. The Eitel Factors Framework


When deciding whether to grant default judgment, courts in the Ninth Circuit

consider seven factors identified in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th

Cir. 1986). These factors are addressed in detail below in Section V.


## V. ARGUMENT

Default judgment is appropriate because each of the seven *Eitel* factors weighs in

Plaintiff's favor.


## 1. Possibility of Prejudice to Plaintiff

CORRECTED RENEWED MOTION FOR DEFAULT JUDGMENT - 4

Plaintiff will suffer prejudice absent entry of default judgment. Without a judgment, Plaintiff will be left without any remedy for Defendant's unlawful conduct, as Defendant has failed to respond or participate in this action. Courts recognize that prejudice is established where denial of default judgment would leave the plaintiff without recourse. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

## 2. Merits of Plaintiff's Claims

The merits strongly favor Plaintiff. TCPA prohibits sending unsolicited text messages to cellular telephones without prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). The Ninth Circuit has expressly held that text messages constitute "calls" under the TCPA. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017). Further, failure to honor opt-out requests and to include lawful opt-out mechanisms are distinct violations. *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1166 (9th Cir. 2023). Courts also permit recovery under both § 227(b) and § 227(c) when separate provisions are violated by the same message. *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011). Defendants' conduct plainly violates each of these provisions.

## 3. Sufficiency of the Complaint

Plaintiff's Complaint is sufficient and well-pled. It details the unlawful messages, identifies the statutory provisions violated, and specifies damages sought. This satisfies the pleading requirements of Federal Rule of Civil Procedure 8, as explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations are therefore taken as true on default. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## 4. Sum of Money at Stake

The sum of money sought—$9,000—is directly proportional to the statutory damages authorized by the TCPA. Plaintiff seeks $500 per violation, trebled to $1,500 per violation due to willful and knowing conduct, consistent with 47 U.S.C. §§ 227(b)(3) and 227(c)(5). These amounts are reasonable given Defendant's conduct and consistent with other TCPA default awards. *Cunningham v. Montes*, 378 F. Supp. 3d 741, 752 (W.D. Tex. 2019); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1194 (M.D. Tenn. 2017).

## 5. Possibility of Dispute Concerning Material Facts

There is no genuine dispute of material facts. Defendant has not appeared, answered, or contested any allegation. By operation of default, all well-pled

allegations (other than damages) are deemed admitted. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

## 6. Excusable Neglect

Defendant was properly served with the summons and complaint and failed to respond within the required time. There is no evidence that this failure is due to excusable neglect. Excusable neglect requires a credible explanation for the default, which is absent here. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001).

## 7. Policy Favoring Decisions on the Merits

While federal policy favors resolution on the merits, this factor is not dispositive. *Eitel*, 782 F.2d at 1472. Defendant's refusal to participate makes a merits-based resolution impossible, leaving default judgment as the only appropriate remedy. Courts routinely hold that this factor alone does not outweigh the others where defendants fail to appear. *PepsiCo*, 238 F. Supp. 2d at 1177.

**Summary of the Eitel Factors**

All seven factors weigh heavily in favor of default judgment. Plaintiff has demonstrated statutory violations, sufficient complaint, proportional damages, and prejudice absent judgment. Defendant's default cannot be excused, and no material facts remain in dispute. Accordingly, default judgment is appropriate.

**VI. VIOLATIONS AND DAMAGES**

**A. Standing and Injury**

Plaintiff has Article III standing to pursue these claims. To establish standing, a plaintiff must show (1) an injury-in-fact, (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Here, Plaintiff suffered concrete injuries including invasion of privacy, nuisance, and wasted time — harms the Ninth Circuit has expressly recognized as sufficient for TCPA standing. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017).

**B. TCPA § 227(b) – Unauthorized Text Messages**

The TCPA prohibits making any call — including a text message — to a cellular telephone using an automatic telephone dialing system or prerecorded voice

without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). The Ninth Circuit has confirmed that a text message qualifies as a "call." *Van Patten*, 847 F.3d at 1043. Defendant sent two marketing text messages to Plaintiff's cell phone without prior express written consent, in direct violation of § 227(b). Because these violations were willful and knowing, damages should be trebled. 47 U.S.C. § 227(b)(3)(C). **Calculation:** 2 text messages × $1,500 = **$3,000**

**C. TCPA § 227(c) – National Do-Not-Call Registry Violations**

The TCPA and its implementing regulations prohibit initiating telemarketing calls to numbers listed on the National Do-Not-Call Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c). Plaintiff's number was listed on the DNC Registry at the time of both messages. Courts recognize that a single text message can violate both § 227(b) and § 227(c), because the provisions address distinct harms. *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011). Each of Defendant's two texts therefore constitutes a separate § 227(c) violation. **Calculation:** 2 text messages × $1,500 = **$3,000**

**D. FCC Regulations – No Opt-Out Mechanism**

FCC regulations require that automated text messages include clear opt-out

instructions, such as "Reply STOP to opt out." 47 C.F.R. § 64.1200(b)(2). The

Ninth Circuit has confirmed that failure to provide or honor opt-out instructions is

itself a distinct violation. *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1166 (9th

Cir. 2023). Neither of Defendant's texts included any opt-out instructions, forcing

Plaintiff to manually reply "STOP." This omission constitutes two additional

violations. **Calculation:** 2 violations × $1,500 = **$3,000**


**E. Failure to Maintain Internal Do-Not-Call Policy**


Defendant further violated the TCPA by failing to maintain a written internal DNC

policy, failing to train staff, and failing to scrub Plaintiff's number against both its

internal and the National Do-Not-Call lists. 47 C.F.R. § 64.1200(d)(1)– (3). The

FCC has made it clear that these requirements are mandatory. *In re Rules &*

*Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752,

8760 ¶ 13 (1992). Courts have consistently held that failure to comply with §

64.1200(d) is independently actionable. *Kaufman v. ACS Sys., Inc.*, 110 Cal. App.

4th 886, 921 (2003); *Rogers v. Postmates Inc.*, No. 19-cv-05619, 2020 WL

3869191, at *4 (N.D. Cal. July 9, 2020). Defendant's systemic noncompliance

compounds its willful violations, justifying treble damages. *Cunningham v. Credit Mgmt., L.P.*, No. 3:09-cv-1497, 2010 WL 3791104, at *4 (N.D. Tex. Aug. 30, 2010).

**F. Damages Table**

**Statutory Damages Table**

| Statutory Provision | Violations | Base Damages ($500) | Trebled Damages ($1,500) |
|---|---|---|---|
| 47 U.S.C. § 227(b)(1)(A)(iii) Unauthorized texts | x2 | $1,000 | $3,000 |
| 47 U.S.C. § 227(c)(5) – DNC violations | x2 | $1,000 | $3,000 |
| 47 C.F.R. § 64.1200(b)(2) – No opt-out mechanism | x2 | $1,000 | $3,000 |
| **Total** | **6** | **$3,000** | **$9,000** |

CORRECTED RENEWED MOTION FOR DEFAULT JUDGMENT - 11

## G. Conclusion on Damages

Defendant Hatchitt Tax Club, Inc. is a sophisticated telemarketer that knowingly disregarded multiple provisions of the TCPA. Courts routinely award trebled damages where violations are willful and repeated. *Cunningham v. Montes*, 378 F. Supp. 3d 741, 752 (W.D. Tex. 2019). Accordingly, Plaintiff respectfully requests trebled damages of **$9,000**.

**Summary of Violations by Defendant:**

1. Two unsolicited telemarketing text messages sent without prior express written consent.

2. Both messages lacked the legally required opt-out instructions.

3. Plaintiff was forced to manually send "STOP" to end communications.

4. Defendant failed to maintain and scrub an internal DNC list prior to sending texts.

CORRECTED RENEWED MOTION FOR DEFAULT JUDGMENT - 12

## H. Injunctive Relief

In addition to statutory damages, the TCPA expressly authorizes courts to issue injunctions to prevent future violations. 47 U.S.C. § 227(b)(3)(A); § 227(c)(5). Courts regularly grant such relief in default judgment cases where a defendant has shown a pattern of unlawful conduct. See *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1047 (9th Cir. 2017) (affirming TCPA injunction as an appropriate remedy); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1197 (M.D. Tenn. 2017) (granting injunction in TCPA case to prohibit ongoing telemarketing); *United States v. Dish Network LLC*, 256 F. Supp. 3d 810, 919 (C.D. Ill. 2017) (entering broad TCPA injunctive relief).

Here, Defendant Hatchitt Tax Club, Inc. has demonstrated a repeated disregard for federal law by sending unsolicited text messages without consent, omitting lawful opt-out instructions, and failing to maintain internal do-not-call procedures. These are not isolated mistakes but systemic failures of compliance. Without injunctive relief, Plaintiff faces a substantial risk of continued harm. Accordingly, Plaintiff respectfully requests that the Court issue a permanent injunction prohibiting Defendant from:

1.  Initiating any further telemarketing calls or text messages to Plaintiff's cellular telephone in violation of the TCPA.

2.  Failing to include a clear and lawful opt-out mechanism in all marketing text messages; and

3.  Failing to maintain and implement a written Do-Not-Call policy and scrub numbers against both the National and internal Do-Not-Call registries.

Such injunctive relief is necessary to protect Plaintiff from further unlawful intrusions and is fully consistent with remedies provided under the TCPA.

**VI. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Renewed Motion for Default Judgment against Defendant Hatchitt Tax Club, Inc. Defendant is liable for six willful violations of the Telephone Consumer Protection Act, entitling Plaintiff to trebled statutory damages of $9,000. See 47 U.S.C. §§ 227(b)(3), 227(c)(5); *Cunningham v. Credit Mgmt., L.P.*, 2010 WL 3791104, at *4 (N.D. Tex. Aug. 30, 2010) (treble damages appropriate for knowing violations).

In addition, Defendant's repeated noncompliance with federal regulations demonstrates a substantial likelihood of continued violations absent judicial intervention. Accordingly, permanent injunctive relief is warranted to prohibit Defendant from:

(1) transmitting unsolicited text messages or calls to Plaintiff's cellular telephone without prior express written consent,

(2) failing to include lawful opt-out mechanisms in all marketing text messages, and

(3) failing to maintain and implement written Do-Not-Call procedures as required by 47 C.F.R. § 64.1200(d).

Finally, Defendant is not registered with the California Secretary of State as required by California Corporations Code § 2105. Under § 2203(c), a foreign corporation transacting intrastate business in California without registration "shall not maintain or defend any action" in California courts. Exhibit F confirms this lack of registration, further supporting entry of default judgment.

**Accordingly, Plaintiff respectfully requests that the Court enter an order:**

1. Entering default judgment in favor of Plaintiff and against Defendant Hatchitt Tax Club, Inc.

2. Awarding Plaintiff $9,000 in trebled statutory damages.

3. Issuing a permanent injunction prohibiting Defendant from committing

   further TCPA violations as outlined above; and

4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Marc Danielian

Marc Danielian Plaintiff,

Pro Se

### Declaration of Plaintiff

I, Marc Danielian, declare as follows:

1. I am the Plaintiff in this action. I make this declaration based on my own personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2. On January 31, 2025, I received an unsolicited telemarketing text message on my personal cellular telephone from SMS short code 71988, advertising the services of Defendant Hatchitt Tax Club, Inc.

3. On March 9, 2025, at 2:44 PM, I received a second unsolicited telemarketing text message from the same SMS short code 71988, again advertising the services of Defendant Hatchitt Tax Club, Inc.

4. I never provided prior express written consent to receive telemarketing text messages from Defendant Hatchitt Tax Club, Inc.

5. Neither of the text messages contained the legally required opt-out mechanism (e.g., "Reply STOP to opt out").

6. After receiving the second message on March 9, 2025, I manually replied with the word "STOP" to opt out of further communications.

7. These messages were sent to my personal cellular telephone, which is a number assigned to a cellular service, and for which I incur charges.

8. True and correct copies of the unsolicited text messages, my manual opt-out, my National Do-Not-Call Registry listing, Defendant's Terms of Service regarding short code 71988, and California Secretary of State business records confirming Defendant is not registered in California are attached hereto as **Exhibits A through F**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27 st day of August 2025, at Riverside, California.

**/s/ Marc Danielian**

**Marc Danielian**

**Plaintiff Pro Se**

## Exhibit Index

- **Exhibit A** – January 31, 2025, Unsolicited Text Message

- **Exhibit B** – March 9, 2025, Unsolicited Text Message

- **Exhibit C** – March 9, 2025, Manual Opt-Out

- **Exhibit D** – Plaintiff's National Do-Not-Call Registry Listing

- **Exhibit E** – Hatchitt Tax Club Inc. Terms of Service re: Short Code 71988

- **Exhibit F** – California Secretary of State Records (No Registration for Defendant)

**Cover Sheet**

**Exhibit A**

January 31, 2025, Unsolicited Text Message from Short Code 71988 with no opt out mechanism.

**Exhibit A**

**January 31, 2025, Unsolicited Text Message from Short Code 71988 with no opt out mechanism.**

**Cover Sheet**

**Exhibit B**

**March 9, 2025, Unsolicited Text Message from Short Code 71988 with no opt out mechanism**

1

2  **Exhibit B**

3

4

5  **March 9, 2025, Unsolicited Text Message from Short Code 71988 with no opt**

6

7  **out mechanism**

8

9

10

11  

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Cover Sheet**

**Exhibit C**

March 9, 2025, Manuel opt out mechanism

1    **Exhibit C**

2

3

4    March 9, 2025, Manuel opt out mechanism

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Cover Sheet**

**Exhibit D**

(Plaintiff) National DNC LIST Registry

**Exhibit D**

(Plaintiff) National DNC LIST Registry

**EXHIBIT D**
**Federal Trade Commission – National Do Not Call Registry Confirmation**

Plaintiff, Marc Danielian, includes the following document as Exhibit D in support of his Motion for Default Judgment. This exhibit confirms Plaintiff's active registration of his personal telephone number on the National Do Not Call Registry maintained by the Federal Trade Commission (FTC), evidencing his intention to opt out of telemarketing communications as protected under 47 U.S.C. § 227(c) and the Telemarketing Sales Rule (16 C.F.R. § 310).

**Document Title:**
*DNC_Registration_Confirmation.pdf*

**Description:**
Confirmation from the FTC that Plaintiff's telephone number is registered on the National Do Not Call Registry, supporting Plaintiff's claim of unlawful telemarketing calls made in violation of federal and state consumer protection laws.



**Cover Sheet**

**Exhibit E**

Hatchitt Tax Club Inc Terms of Service Re: Text Message short code 71988

Exhibit E

**EXHIBIT E**

*Hatchitt Mobile Terms – Shortcode 71988 Usage*

Plaintiff respectfully submits the following exhibit in support of the Corrected Motion for
Default Judgment and Request for Judicial Notice.

This exhibit contains a printout of Hatchitt's public-facing Mobile Terms, accessible at:

https://hatchitt.com/mobile-terms/

Relevant details confirming use of short code 71988 by the defendant are as follows:

- SHORTCODE: 71988
- PROGRAM NAME: Hatchitt
- FREQUENCY OF ALERTS: Recurring
- USER OPT-IN:

    - Users may opt in to receive mobile alerts by filling out the web form located at
    https://www.hatchitt.com/signup.
    - By signing up you agree to alerts from Hatchitt regarding any account updates,
    changes & appointment reminders.
    - Hatchitt claims not to use an autodialer, and states that consent is not required to
    purchase goods or services.

- USER OPT-OUT:

    - To opt out, users are instructed to text "STOP" to 71988.
    - Additional opt-out keywords include: "QUIT", "END", "CANCEL", "UNSUBSCRIBE",
    or "STOP ALL".

- HELP:

    - For assistance, users are directed to text "HELP" to 71988 or email
    info@hatchitt.com.

This evidence establishes that short code 71988 is controlled by Hatchitt, contradicting any
claim of third-party messaging or lack of knowledge, and supports Plaintiff's assertion that
the unsolicited messages received from 71988 originated from Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Cover Sheet**

**Exhibit F**

California Secretary of State- No Business registration of Hatchitt Tax Club Inc in California

1

**Exhibit F**

2

3

California Secretary of State- No Business registration of Hatchitt Tax Club Inc in

4

California

5

6

7

8

9

**EXHIBIT F**

**California Secretary of State Business Entity Search – No Results for "Hatchitt Tax Club
Inc."**

10

**Plaintiff's Judicial Notice Submission**

11

Plaintiff Marc Danielian respectfully submits this exhibit in support of his Motion for Default
Judgment and Supplemental Memorandum of Law. On **July 21, 2025**, Plaintiff conducted a
business entity search for "Hatchitt Tax Club Inc" on the official website of the **California
Secretary of State** via the Bizfile Online portal:

12

**Date of Search:** July 21, 2025
**Search Term:** Hatchitt Tax Club Inc
**Search Location:** https://bizfileonline.sos.ca.gov/search/business

13

14

**Result:**

15

**"No results were found for 'Hatchitt Tax Club Inc'"**

16

This result confirms that Defendant **Hatchitt Tax Club, Inc.** is **not registered** with the
California Secretary of State and has **not obtained a Certificate of Qualification** as required
under **California Corporations Code § 2105**, despite conducting intrastate business in
California through unsolicited text messages directed at a California resident.

17

18

Plaintiff respectfully requests the Court take **Judicial Notice** of this fact pursuant to **Federal
Rule of Evidence 201**.

19

A true and correct copy of the Secretary of State search results is attached below.

20

21

*(Attach the PDF screenshot you uploaded as the supporting document after this page in your
filing.)*

22

23

24

25

26

27

28

CORRECTED RENEWED MOTION FOR DEFAULT JUDGMENT - 33

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





7/21/25, 10:42 AM                    Search | California Secretary of State

Business     UCC

*indirectly from reliance on the accuracy, reliability, or timeliness of the information that is provided. All such information is provided "as is." To order certified copies or certificates of status, (1) locate an entity using the search; (2)select Request Certificate in the right-hand detail drawer; and (3) complete your request online.*

Home

Search          Hatchitt Tax Club Inc                    🔍

Forms                                                     Advanced ⌄

Help

No results were found for "Hatchitt Tax Club Inc"

Try your search again with different filters or a different search term.

https://bizfileonline.sos.ca.gov/search/business                              2/2

CORRECTED RENEWED MOTION FOR DEFAULT JUDGMENT - 34

Marc Danielian
18948 Krameria Ave
Riverside, Ca 92508
951-205-8303
marcdanielian@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

MARC DANIELIAN,                          Case No.: 5:25-cv-01187-KK-SP

            Plaintiff,

vs.                                      **[PROPOSED] JUDGMENT**

HATCHITT TAX CLUB INC,

            Defendant

**[PROPOSED] JUDGMENT**

The Court, having considered Plaintiff's Renewed Motion for Default Judgment, and good cause appearing, hereby ORDERS, ADJUDGES, AND DECREES as follows:

**Default Judgment** is entered in favor of Plaintiff Marc Danielian and against Defendant Hatchitt Tax Club, Inc.

CORRECTED RENEWED MOTION FOR DEFAULT JUDGMENT - 35

1.  Plaintiff is awarded **trebled statutory damages in the amount of $9,000.00** pursuant to 47 U.S.C. §§ 227(b)(3) and 227(c)(5).

2.  Defendant is **permanently enjoined** from: a. Transmitting unsolicited text messages or calls to Plaintiff's cellular telephone without prior express written consent; b. Failing to include lawful opt-out mechanisms in all marketing text messages; and c. Failing to maintain and implement written Do-Not-Call procedures and to scrub numbers against the National and internal Do-Not-Call registries as required by 47 C.F.R. § 64.1200(d).

3.  Plaintiff is entitled to **post-judgment interest** as provided by law.

4.  The Clerk is directed to **close this case**.

IT IS SO ORDERED.

Dated: _____, 2025

Hon. Kenly Kiya Kato United States District Judge 35

Marc Danielian
18948 Krameria Ave
Riverside, Ca 92508
951-205-8303
marcdanielian@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

MARC DANIELIAN,

          Plaintiff,

vs.

HATCHITT TAX CLUB INC,

          Defendant

Case No.: 5:25-cv-01187-KK-SP

**PROOF OF SERVICE BY MAIL**

I, Marc Danielian, declare:

I am over the age of 18 and not a party to this action. My address is:

18948 Krameria Ave

Riverside, CA 92508

On August 22, 2025, I served the foregoing document(s):

CORRECTED RENEWED MOTION FOR DEFAULT JUDGMENT - 37

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,

DECLARATION OF PLAINTIFF,

EXHIBITS A–F,

AND [PROPOSED] JUDGMENT

at the following party by placing a true copy enclosed in a sealed envelope with

postage fully prepaid, addressed as follows:

Hatchitt Tax Club, Inc.

Joseph Delfgauw

4370 Chicago Dr. SW, Suite 118

Grandville, MI 49418

I deposited such envelope with the United States Postal Service on the same day in

the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on August 27, 2025, at Riverside, California.

/s/ Marc Danielian

Marc Danielian

Plaintiff, Pro Se